UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-00152-KJM |
| Plaintiff, | |
| v. | ORDER |
| DIMAS ORTIZ, | |
| Defendant. | |

Before the court is defendant Dimas Ortiz's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Having carefully considered the briefing, and for the reasons set forth below, the motion is DENIED.

I.  BACKGROUND

On February 24, 2020, the court sentenced defendant to 120 months imprisonment and 48 months supervised release, and imposed restitution and special assessment payments, for defendant's conviction for violating 21 U.S.C. § 841(a)(1), manufacture of marijuana, and 18 U.S.C. § 1361, depredation of public lands and resources. Judgment, ECF No. 150. The court ordered the defendant remanded to the custody of the U.S. Marshals Service for transfer to the federal Bureau of Prisons ("BOP") for assignment to a federal institution. *Id.* at 2. Defendant is currently housed in the Nevada County Jail awaiting transfer to a designated BOP facility. Mot.

at 2. Defendant's transfer has been delayed, and likely will be for some time, due to a suspension of prisoner transfers in light of the COVID-19 pandemic. *Id.* n.1.[1]

On April 7, 2020, the court received a letter from defendant's fiancé asking the court to release defendant prior to the expiration of his imprisonment term due to the COVID-19 pandemic. ECF No. 155. Under the circumstances, the court construed the letter as a motion for compassionate release on defendant's behalf and appointed counsel for the benefit of formal briefing on the matter. ECF No. 156. On April 10, 2020, defendant filed a formal motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Mot., ECF No. 157. The government opposes the motion. Opp'n, ECF No. 159. No reply has been filed. On April 17, 2020, the court submitted the matter without hearing. ECF No. 160. The court resolves the motion here.

II.     DISCUSSION

Defendant argues the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) are unavailable because he "is serving his sentence in an institution without a BOP warden." Mot. at 4. The government counters "there is no evidence that [defendant] or his counsel made any effort to contact BOP staff regarding [his] request for compassionate release" and thus there no grounds for the court's finding he has "fully exhausted all administrative rights[]" under 18 U.S.C. § 3582(c)(1)(A). Opp'n at 9.

"The court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow." *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (citing 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed," with certain narrow exceptions)). Though the law allows the court to reduce a sentence if it finds "extraordinary and compelling reasons" warrant such relief, that provision is available only

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[1] Citing https://www.bop.gov/coronavirus/covid19_status.jsp (BOP Implementing Modified Operations).

2

>bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  "The administrative exhaustion requirement admits of no exception." *Carver*, 2020 WL 1604968, at *1; *see also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision.").

Though the exhaustion requirement is made explicit in 18 U.S.C. § 3582(c), some district courts elsewhere in the country have nonetheless held the court may waive the exhaustion requirement in light of the emergency circumstances caused by the current pandemic.  *See, e.g.*, *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020).  This court, however, continues to believe it is bound by the Ninth Circuit's holding that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."  *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one— '[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

Nonetheless, defendant's motion raises an important question: what steps are required to exhaust administrative remedies for purposes of § 3582(c) when defendant is being housed on a federal case in a local jail and has yet to be transferred to a BOP facility for service of the balance of his sentence?  The court in *United States v. Gonzalez* analyzed a similar

situation, in which defendant was housed in a county jail and did not know whether she had been designated by BOP to a federal correctional facility. 2020 WL 1536155, at *1. In *Gonzalez*, "[d]efendant's counsel contacted the Bureau of Prisons to determine which office could process her compassionate release request based on her medical condition," and was told by BOP staff that "because Defendant was not yet in a designated facility, there was no one able to process her request." *Id.* Under these circumstances, the court found: "[d]efendant has effectively exhausted her administrative remedies by petitioning the BOP, giving them notice, and being told she does not have any other administrative path or remedies she can pursue." *Id.*

Here, by contrast, defendant has not notified the BOP in any way nor received a response as did the defendant in *Gonzalez*. *See* Opp'n at 9. Rather, defendant concedes he has made no effort to exhaust administrative remedies. *See* Mot. at 4 (noting "any attempt to exhaust administrative remedies would be futile"). Futility does not circumvent the jurisdictional minimum of exhaustion. *See Shaw*, 946 F.3d at 541. Accordingly, on this record, the court finds defendant has not exhausted administrative remedies, and his motion must be DENIED.

While "it is indisputable that the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails," "absent congressional action to relieve inmates of the exhaustion requirement," the court does not have jurisdiction to reach the merits of defendant's motion at this time. *Carver*, 2020 WL 1604968, at *1.

III. CONCLUSION

The motion is DENIED without prejudice to renewal following exhaustion.

This order resolves ECF Nos. 155 and 157.

IT IS SO ORDERED.

DATED: June 2, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4